### THE STATE BANK AT TRENTON v. EVAN EVANS.

A trial at bar will be granted, when 'the matter in dispute is of the value of three thousand dollars, and when the case is important and complicated.

The court will not annex to a rule for trial at bar, the condition, that the plaintiffs give security for costs, though the plaintiffs are an insolvent and irresponsible corporation.

In the action of ejectment, there are but three cases in which the court will interfere in behalf of a defendant, or require the plaintiff to give security for costs. 1. In the case of an infant lessor of the plaintiff. 2. If the lessor of the plaintiff resides abroad. 3. Where there has been a former ejectment, and then the rule is only to stay proceedings until the costs of the former suit are paid.

---

*Saxton* for the plaintiffs on an affidavit, that the matter in dispute, is of the value of three thousand dollars or more; that

numerous and complicated questions of law would unavoidably be raised on the trial; that the books of the bank would be wanted, and a great number of witnesses residing in Trenton and its vicinity, would be called, whose attendance could not be procured at Flemington, where the circuit court is holden, without great expense, uncertainty and delay, moved for a rule for a trial of the cause at the bar of this court.

*Wall* contra, insisted, this was not a case to require or justify a departure from the ordinary course and place of trial; that if applications for trials at bar were yielded to upon every suggestion of difficulty, or because of a number of witnesses, they would be multiplied, and the business of this court greatly interrupted. Besides, he said, this was *res judicata;* that a former application in this case had been made and refused upon a similar application. He cited *Scull* v. *Daniel*, 2 *Penn. Rep.* 576.

*I. H. Williamson*, in support of the motion, said, this was an application to the sound discretion of the court. The statute, *Rev. Laws* 453, had prescribed no condition but the value of the property, or sum in controversy. This was a case peculiarly circumstanced, from the fact that the bank was located, and the great mass of witnesses resided at Trenton, the seat of this court, so that their attendance could be procured without the expense and delay incident to a trial at the circuit.

BY THE COURT. Let the rule for a trial at bar, be entered. The case of *Scull* v. *Daniel*, cited by defendant's counsel, was a second motion for a rule to shew cause why a new trial should not be granted after a former rule for that purpose had been discharged. This, from the facts stated in the affidavit now read, and from the nature of the case, being an action on a bond, given by the defendant as security for the faithful conduct of a cashier of a bank, and numerous breaches assigned on the record, must be an important and complicated case. But the reason which operates most strongly with the court in favor of a trial at bar in this case, is the one which operated most strongly against a similar rule in the mind of Mr. Justice Pennington, in *Bell* v. *Van Riper*, 2 *Penn. Rep.* 510. It was, that a trial at bar in that case, would require the witnesses to

State Bank v. Evan Evans.

attend at a great distance from home. The effect in this case
will be just the reverse, as the witnesses reside here, and in the
immediate vicinity.

Rule granted.

*Wall* then prayed, that the court would annex to the rule for
a trial at bar, the condition of the plaintiffs giving security for
costs. He stated that it was admitted that the plaintiffs were
insolvent, and when they applied for a favor, which rested in
the discretion of the court, it had a right to impose such a con
dition ; that here the plaintiffs were not content to try the cause
at the circuit in the ordinary manner, but seek a trial at bar,
which will impose great additional expense upon the defendant;
that if the defendant should succeed, he could not be remunerat-
ed by costs, as the plaintiffs were insolvent. Plaintiffs who
were insolvent, would always seek a trial at bar, if they had
vindictive feelings ; if they failed, they would punish their ad-
versary.

*Saxton*, contra.

BY THE COURT. The application must be refused. In
*Den* v. *Boqua & al*, 5 *Halst.* 192, security for costs was refused,
though all the lessors of the plaintiff resided out of the state,
but one, and he was insolvent. The rule upon this subject is
peculiar in actions of ejectment, they being considered so much
a fiction, and under the control of the court. But even in that
action, there are but three instances in which the court will in-
terfere in behalf of a defendant, or require the plaintiff to give
security for costs. 1st. In the case of an infant lessor of the
plaintiff. 2d. If the lessor of the plaintiff resides abroad. And
3d. Where there has been a former ejectment : but then the
rule is only to stay proceedings until the costs of the former
suit are paid ; and not to give security. *Hullock's Law of costs*,
441 ; *Doe* v. *Alston*, 1 *T. R* 491 ; In other actions the Court
of King's Bench, will require security from a foreign plaintiff.
But the Court of Common Pleas, will not grant the rule, un-
less the plaintiff, though a foreigner, is shown to be insolvent.
*Pacquot* v. *Eling*, 1 *H. Bl. R.* 106 ; 2 *H. Bl. R.* 384 *in note*. But
if a plaintiff reside in England, even though a foreigner, and in-
solvent, the court will not require him to give security for costs.

The State *v.* Creek Co.

*Porrier* v. *Carter*, 1 *H. Bl. R.* 106. The foregoing are cases since the revolution; but in *Maxwell* v. *Mayer*, 2 *Burr. Rep.* 1026, security for costs was refused in the case of a plaintiff, who was a foreigner.

Within a few years past, in England, the courts have gone further in compelling persons to give security for costs than they did formerly. *Adams* v. *Brown*, 9 *Bing.* 81, and cases there cited. But however equitable it would be in a case like this, to require indemnity to a defendant who is prosecuted by an insolvent and irresponsible corporation, we do not feel authorized to legislate on the subject. The seventy-third section of the practice act, *Rev. Laws*, 423, entitles a defendant to security for costs, if applied for before issue joined, in case the plaintiff resides out of this state. This gives us a statute rule in that particular case; and if it does not by construction, preclude the court from requiring such security under other circumstances, it certainly does not enlarge our powers on this subject. Security was refused even in a *quitam* action, where the plaintiff was insolvent, *Field, qui tam* v. *Carron*, 2 *H. Bl.* 27. In New York, too, the same principles prevail, *Pfister &* *al* v. *Gillespie*, 2 *John. cas.* 109, only one plaintiff resided in New York, and he was, insolvent. Yet the rule was refused.

Application denied.

Cited in *Scull* v. *Carhart*, 3 *Gr.* 430; *Moorehouse* v. *Cotheal*, 1 *Zab.* 336.